MOLLY M. REZAC
Nevada Bar No. 7435
molly.rezac@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV  89501
Telephone:  775.440.2373

NOEL M. HERNANDEZ
Nevada Bar No. 13893
noel.hernandez@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV  89135
Telephone:  702.369.6800
Fax:  702.369.6888

*Attorneys for Defendants Hobby Lobby Stores, Inc.
And Petefish Gene Petefish*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| JAIYAUNA RAYSHAWN YOAKUM, an individual; and JOHNTOVIA PRESTON, an individual: collectively, <br><br> Plaintiffs, <br> vs. <br><br> HOBBY LOBBY STORES, INC., a foreign corporation; PETEFISH GENE PETEFISH, an individual; and DOES I to X, inclusive; collectively, <br><br> Defendants. | Case No.: <br><br><br> **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332** |

**TO:    UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA**

PLEASE TAKE NOTICE that Defendant Hobby Lobby Stores, Inc. and Petefish Gene Petefish ("Defendants"), by and through their undersigned counsel, hereby file this Notice of Removal of Action Pursuant to 28 U.S.C. § 1332 ("Notice") of this case from the Eighth Judicial District Court of the State of Nevada, District Court, in which it is now pending, to the United States District Court for the District of Nevada. Diversity jurisdiction of this Court is invoked

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. VIRGINIA STREET, 8TH FLOOR
RENO, NV 89501
TELEPHONE: 775-440-2373

under 28 U.S.C. § 1332.

1.   **STATE COURT ACTION**

Plaintiffs Jaiyauna Rayshawn Yoakum ("Yoakum") and Johntovia Preston ("Preston") (collectively "Plaintiffs") filed this action against Defendants in the Eighth Judicial District Court of the State of Nevada on September 7, 2023, Case No. A-23-877380-C (the "State Court Action"). (*See* a true and correct copy of the Plaintiff's Complaint attached hereto as **Exhibit A**.) Plaintiff served Defendant Petefish with the Summons and Complaint on September 27, 2023. (*See* a true and correct copy of the Affidavit of Service attached hereto as **Exhibit B**.) Plaintiff served Defendant Hobby Lobby with the Summons and Complaint on October 16, 2023. (*See* a true and correct copy of the Acceptance of Service attached hereto as **Exhibit C**.)

The State Court Action involves disputes related to Plaintiffs' conduct within Defendant Hobby Lobby's store and alleges certain wrongdoings by Defendants.  Specifically, Plaintiff asserts the following claims against Defendants: (1) Violation of Nev. Rev. Stat. § 651.070; (2) Civil Battery; (3) Civil Assault; (4) Intentional Infliction of Emotional Distress; (5) Negligent Hiring, Training, Selection, and Supervision; and (6) Conversion. (*See* **Exhibit A**, generally.)

II.   **This Court Has Diversity Jurisdiction Under 28 U.S.C. § 1332**

This Court has subject matter jurisdiction of this case based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

A.   **Diversity of Citizenship**

Plaintiffs are residents of the State of Nevada. (*See* **Exhibit A**, ¶¶ 1-2.) Defendant Hobby Lobby's place of incorporation is Oklahoma. (*See* **Exhibit D**.) Accordingly, Defendant Hobby Lobby is now, and at the time of filing of the State Court Action was, a citizen of the State of Oklahoma. Defendant Petefish is a resident of the State of Virginia. (*See* **Exhibit E**.) Because Plaintiffs are citizens in Nevada, Defendant Hobby Lobby resides in Oklahoma, and Defendant Petefish resides in Virginia, there is complete diversity of citizenship between Plaintiffs and Defendants in this case.

/ / /

/ / /

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. VIRGINIA STREET, 8TH FLOOR
RENO, NV 89501
TELEPHONE: 775-440-2373

**B.       Amount in Controversy**

The standard for determining whether a plaintiff's claim meets the amount in controversy is measured by the amount demanded in the complaint at the time the removal is noticed if the claim is made in good faith.  *Miles v. State Farm Mut. Auto. Ins. Co.*, 27 F. Supp. 2d 1246, 1247 (D. Nev. 1998).  Two or more claims may be aggregated for purposes of determining whether the amount in controversy requirement has been met.  *See e.g. Laughlin v. Kmart Corp.,* 50 F. 3d 871 (10th Cir. 1995), *cert. denied* 516 U.S. 863 (1995). Courts consider compensatory damages, punitive damages if available under state law, and attorneys' fees in determining whether the amount in controversy exceeds $75,000.  *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945-46 (9th Cir. 2001).

The Court may also, for removal purposes, look to the pleadings for underlying facts establishing the jurisdictional limit.  *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).  In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.  *See Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998); *Anthony v. Security Pac. Fin'l Services, Inc.*, 75 F.3d 311, 315 (7th Cir. 1996).  The Court may rely on the Notice of Removal to establish the amount in controversy.  28 U.S.C. § 1446(c)(2)(A)-(B).  Removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir. 1999).

Here, Plaintiffs' assert six (6) separate causes of action, including a cause of action for intentional infliction of emotional distress, against both Defendants and allege they have suffered oppression, injury, great mental anguish, emotional pain and suffering, general damages, consequential damages, incidental damages, monetary damages, exemplary damages, punitive damages, and attorneys' fees *for each cause of action*. (*See* **Exhibit A**, ¶¶ 31, 32, 33, 43, 44, 53, 54, 64, 65, 70, 80, 81, and page 12 (A-F). Thus, although Defendants deny that Plaintiffs are entitled to any remedy, numerous cumulative bases exist to establish the aggregate amount sought by Plaintiffs will put at issue an amount that likely exceeds the jurisdictional minimum of

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. Virginia Street, 8ᵗʰ Floor
Reno, NV 89501
Telephone: 775-440-2373

$75,000.00.  As the alleged damages exceed this Court's jurisdictional limit, and as the parties are of diverse citizenship, removal is proper.

**III.    This Removal Is Timely**

Plaintiffs filed the Complaint on September 7, 2023. Defendant Petefish was served on September 27, 2023 and Defendant Hobby Lobby accepted service on October 16, 2023. Plaintiff agreed Defendant Petefish would have the same deadline as Defendant Hobby Lobby to respond to the Complaint. (*See* **Exhibit F**.) As this Notice is being filed on or before November 15, 2023, within 30 calendar days after service of the Complaint upon Defendant Hobby Lobby, the removal is timely.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
200 S. Virginia Street, 8th Floor
Reno, NV 89501
Telephone: 775-440-2373

IV.    <u>Requirements For Removal</u>

Defendants have met all other requirements for removal as follows:

A.    Defendants attach to this Notice as **Exhibit A** through **Exhibit G** copies of "all process, pleadings and orders" served upon them pursuant to 28 U.S.C. § 1446(a).

B.    Defendants have also concurrently filed a copy of this Notice in the Eighth Judicial District Court of the State of Nevada, District Court.

C.    Defendants have served a copy of this Notice upon Plaintiffs' counsel.

D.    This Notice is executed pursuant to Federal Rule of Civil Procedure 11.

DATED this 26th day of October, 2023.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.


/s/ Molly M. Rezac
Molly M. Rezac
Nevada Bar No. 7435
200 S. Virginia Street, 8th Floor
Reno, NV 89501

Noel M. Hernandez
Nevada Bar No. 13893
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV 89135

*Attorneys for Defendants Hobby Lobby Stores, Inc. and Petefish Gene Petefish*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically transmitted the foregoing **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. § 1332** to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing, to the following registrant:

Michael I. Welker
Travis N. Barrick
Nathan E. Lawrence

Pursuant to NRCP 5(b), I hereby further certify that service of the foregoing was also made by depositing a true and correct copy of same for mailing, first class mail, postage prepaid thereon, at Las Vegas, Nevada, to the following:

Michael I. Welker
Travis N. Barrick
Nathan E. Lawrence
GALLIAN WELKER & ASSOCIATES, L.C.
730 Las Vegas Blvd. S., Ste. 104
Las Vegas, NV 89101

*Attorneys for Plaintiffs*

DATED this 26th day of October, 2023.

/s/ Vincent M. Risucci

AN EMPLOYEE OF OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.