LAWRENCE & LAWRENCE LAW, PLLC
Nathan E. Lawrence, NBN 15060
Joseph P. Lawrence, NBN 16726
9480 S. Eastern Ave., Ste. 213
Las Vegas, Nevada 89123
Telephone: 702-534-6556
Facsimile: 702-602-5168
nathan@law2esq.com
joseph@law2esq.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| JAIYAUNA RAYSHAWN YOAKUM, an individual; and JOHNTOVIA PRESTON, an individual; collectively, <br><br> Plaintiffs, <br><br> v. <br><br> HOBBY LOBBY STORES, INC., a foreign corporation; PETEFISH GENE PETEFISH, an individual; and DOES I to X, inclusive; collectively, <br><br> Defendants. | Case No.: 2:23-cv-01740-APG-DJA <br><br> **JOINT STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES** <br><br> **(Third Request)** |

Pursuant to Fed. R. Civ. P. ("FRCP) 6(b)(1) and Local Rules IA 6-1, IA 6-2, and 26-3, Plaintiffs JAIYAUNA RAYSHAWN YOAKUM and JOHNTOVIA PRESTON, by and through their attorneys of the law firm of LAWRENCE & LAWRENCE LAW, PLLC, and Defendants HOBBY LOBBY STORES, INC. and PETEFISH GENE PETEFISH, by and through their attorneys of the law firm of OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C., hereby submit this Stipulation and Order to Extend the Discovery Deadlines.

This is the third stipulation to extend the discovery deadline, and this stipulation is presented to the Court in advance of the currently calendared close of discovery on March 5, 2025. For the foregoing reasons and as is more fully explicated below, the Parties stipulate to



and respectfully request that this Court extend the discovery and associated deadlines in this matter.

## I. RELEVANT PROCEDURAL HISTORY

1. On September 7, 2023, Plaintiffs filed this action against Defendants in the Eighth Judicial District Court of the State of Nevada [ECF No. 1-1].

2. On October 26, 2023, Defendants timely removed this matter to federal court [ECF No. 1] and filed their respective Answers on November 9, 2023 [ECF Nos. 11, 12].

3. On December 14, 2023, the Court entered an Order adopting the Parties' proposed Joint Discovery Plan and Scheduling Order [ECF No. 21], which was subsequently extended on July 8, 2024, by Stipulation and Order [ECF Nos. 32, 33].

4. On April 9, 2024, the parties participated in an Early Neutral Evaluation with U.S. Magistrate Judge Couvillier [ECF No. 31], but the parties were unable to resolve the matter during that proceeding and the case remains on the litigation track.

5. On October 7, 2024, while Plaintiffs' counsel was still with the now-dissolved law firm of Gallian Welker & Associates, L.C. ("GWA"), the parties stipulated to an additional extension [ECF No. 34] which the Court granted [ECF No. 35], setting present discovery deadlines as follows:

- Initial Expert Disclosures – January 6, 2025 (now passed);
- Rebuttal Expert Disclosures – February 5, 2025 (now passed);
- Discovery Cut-Off Date – March 5, 2025;
- Dispositive Motion Deadline – April 7, 2025; and
- Joint Pretrial Order Deadline – May 5, 2025.

6. In late October 2024, following the events described in the prior Stipulation to Extend Discovery Deadlines and as expanded below, Plaintiffs' counsel, of necessity, left GWA and started a new firm in order to continue his practice and representation of the Plaintiffs, the exigencies and logistics of which have created unavoidable delays in the discovery process.

## II. LEGAL STANDARD

Fed. R. Civ. P. Rule 6(b)(1) governs extensions of time and allows, in relevant part, that



"[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." If additional time for any purpose is needed, the proper procedure is to present a request for extension of time before the time fixed has expired. *Canup v. Mississippi Val. Barge Line Co.,* 31 F.R.D. 282 (W.D. Pa. 1962). An extension of time may always be sought and is usually granted on a showing of good cause if timely made under subdivision (b)(1) of [FRCP 6]. *Creedon v. Taubman*, 8 F.R.D. 268 (N.D. Ohio 1947). Also, a district court possesses the inherent power to control its own docket. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Olivia v. Sullivan*, 958 F.2d 272, 273 (9th Cir. 1992).

LR IA 6-1 additionally requires that a motion to extend time must state the reasons for the extension requested and will not be granted if requested after the expiration of the specified period unless the movant demonstrates that the failure to file the motion before the deadline expired resulted because of excusable neglect. LR 26-3 requires that a motion to extend any date set by the discovery plan, scheduling order, or other order must, as well as satisfying the requirements of LR IA 6-1, demonstrate good cause for the extension, and such a motion filed after the expiration of the deadline will not be granted unless the movant demonstrates that the failure to act resulted from excusable neglect.

Finally, LR 26-3 lists four factors that are considered upon adjudication of a motion to extend a discovery deadline: (a) a statement specifying the discovery completed; (b) a specific description of the discovery that remains to be completed; (c) the reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and (d) a proposed schedule for completing all remaining discovery.

### III.  ARGUMENT

**A.  The Four Factors Contained Within LR 26-3 Are Satisfied, and the Parties Show Good Cause for Modifying the Scheduling Order.**

**1.  Discovery Completed to Date:**

The Parties have exchanged initial disclosure statements and related discovery, with



multiple supplements thereto. Written discovery has been propounded and is ongoing. Depositions of both Plaintiffs were conducted on January 9 and January 14, 2025, and the deposition of Defendant Petefish was completed on January 27, 2025. Depositions of two additional percipient witnesses were also completed in January 2025.

**2. Discovery Remaining:**

Additional written discovery is anticipated by all parties, particularly following the deposition of Defendant Petefish, during which numerous other percipient witnesses were referenced but only partially identified, necessitating further written discovery and likely depositions, including of the Rule 30(b)(6) designee(s) for Defendant Hobby Lobby Stores, Inc.

**3. Reasons Why Deadline Will Not Be Satisfied or Remaining Discovery Cannot Be Completed Within Current Time Limits**

As noted in the prior stipulation for an extension of discovery deadlines in October 2024, there were substantial changes with the structure and staffing of Plaintiffs' counsels' firm, eventually leading to that firm's cessation of the practice of law. As a consequence thereof, Plaintiffs' counsel, in late October 2024, was compelled to start a new firm, the demands of which have further burdened timely completion of necessary discovery in this matter. All reasonable efforts have been made to comply with the present deadlines, but additional time is needed. Additionally, as referenced above, the deposition of Defendant Petefish (the transcript for which was received by Plaintiffs' counsel on February 11, 2025) identified multiple additional witnesses and lines of inquiry which necessitate more time for such discovery. The Parties stipulate that these events and circumstances constitute good cause and excusable neglect. Accordingly, in the interests of equity and to effect the most complete discovery in this matter while pursuing expedited conclusion of the case, the Parties jointly request that the Court amend the present Scheduling Order [ECF No. 35] and extend all case deadlines by 45 days, as detailed below.

**4. Proposed Schedule for Completing Remaining Discovery:**

| Event | Current Deadlines | Proposed New Deadlines |
|---|---|---|
| Discovery Cutoff | March 5, 2025 | **April 21, 2025** |
| Deadline to Disclose Experts | January 6, 2025 | **(no change)** |



| | | |
|---|---|---|
| Deadline for Rebuttal Experts | February 5, 2025 | **(no change)** |
| Dispositive Motion Deadline | April 7, 2025 | **May 21, 2025** |
| Joint Pretrial Order Deadline | May 5, 2025 | **June 20, 2025 *** |

\* In the event a dispositive motion is under submission by May 21, 2025, the Joint Pre-Trial Order shall be due no later than 30 days after entry of the Court's order ruling on same.

All other discovery dates not referenced herein remain unchanged.

**IT IS SO STIPULATED.**

DATED this 25th day of February 2025.

**LAWRENCE & LAWRENCE LAW, PLLC**

_____
Nathan E. Lawrence, NBN 15060
Joseph P. Lawrence, NBN 16726
9480 S. Eastern Ave., Ste. 213
Las Vegas, Nevada 89123
Telephone: 702-534-6556
Facsimile: 702-602-5168
nathan@law2esq.com
joseph@law2esq.com
*Attorneys for Plaintiffs*

DATED this 25th day of February 2025.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/ Noel M. Hernandez_____
Molly M. Rezac, NBN 7435
molly.rezac@ogletree.com
200 S. Virginia Street, 8th Floor
Reno, NV 89501
Telephone: 775-440-2373

Kathryn C. Newman
kathryn.newman@ogletree.com
Noel M. Hernandez
noel.hernandez@ogletree.com
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV 89135
Telephone: 702-369-6800
Fax: 702-369-6888
*Attorneys for Defendants Hobby Lobby Stores, Inc. & Petefish Gene Petefish*

**IT IS SO ORDERED.**

DATED: 2/26/2025

_____
UNITED STATES MAGISTRATE JUDGE

