**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

| | |
|---|---|
| Jaiyauna Rayshawn Yoakum and Johntovia Preston,<br>Plaintiffs,<br>v.<br>Hobby Lobby Stores, Inc.; and Petefish Gene Petefish,<br>Defendants. | Case No. 2:23-cv-01740-APG-DJA<br>**Order** |

Before the Court is Plaintiffs' motion for the Court to reconsider its order granting the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C.'s motion to withdraw from representing Defendant Petefish. (ECF No. 64). Plaintiffs assert that the Court granted the motion to withdraw before Plaintiffs could oppose and assert their position that Ogletree did not sufficiently explain the conflict of interest between Petefish and Defendant Hobby Lobby that prompted the firm to withdraw. The Court does not find that Plaintiffs have demonstrated a basis for the Court to reconsider its order.

A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient[,]" so long as it has jurisdiction. *City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted); *see also Smith v. Clark Cty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013). This district's local rule LR 59-1 advises that "[a] party seeking reconsideration . . . must state with particularity the points of law or fact that the court has overlooked or misunderstood." LR 59-1(a). "Motions for reconsideration are disfavored. A movant must not repeat arguments already presented" except in narrow circumstances. *Id.* at (b). Reconsideration also may be appropriate if (1) there is newly discovered evidence that was not available when the

original motion or response was filed, (2) the court committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law. LR 59-1(a).

Plaintiffs do not set forth a basis for the Court to reconsider its order granting Ogletree's motion to withdraw its representation of Petefish. In its order, the Court recognized that Ogletree had represented that Petefish did not oppose the motion. While Plaintiffs assert that the Court did not provide Petefish, or the Plaintiffs, with the opportunity to oppose the motion, they do not show that the Court committed clear error. Petefish has not filed anything on the docket to indicate that he does not agree with the withdrawal and the Court did not err in relying on counsel's representation, made under Federal Rule of Civil Procedure 11, that Petefish did not oppose. Additionally, as Ogletree points out, LR IA 11-6(b) provides that the "affected client may…file a response to the attorney's motion within 14 days of the filing of the motion, unless the court orders otherwise." That rule does not provide for an opposing party to respond to a motion to withdraw and includes the caveat that the Court may order a different time frame. So, the Court did not err in this regard and the Court finds no reason to reconsider its decision.

But even if Plaintiffs did show that it was an error for the Court to grant Ogletree's motion without waiting for a response, Plaintiffs have not shown that their response would have changed the Court's decision. Plaintiffs' opposition to Ogletree's motion to withdraw is largely premised on their displeasure with Ogletree's assertion that it only just discovered that a conflict of interest exists between Petefish and Hobby Lobby. However, Plaintiffs have not shown that this is a basis for the Court to deny the motion to withdraw. This is particularly true because the factor that the Court considers in deciding a motion to withdraw—delay—is not at issue here. This is because the parties, including Plaintiffs, have stipulated to stay the case while Petefish obtains new counsel. (ECF No. 62). So, concerns regarding delay of trial are mitigated sufficiently for the Court to find withdrawal appropriate.

///

///

///

**IT IS THEREFORE ORDERED** that Plaintiffs' motion to reconsider (ECF No. 64) is **denied.**

DATED: August 14, 2026,

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE